**O**

**NO JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES WELKER, Plaintiff, v. JPMORGAN CHASE BANK, M.A., EMC MORTGAGE COMPANY, NDEX WEST LLC, NAMED & UN-NAMED ASSOCIATES IN FACT, Defendants. | Case No. EDCV 11-01526 DDP (SPx) **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT** [Docket No. 8, 11] |

Presently before the court is Defendants' Motion to Dismiss Plaintiff's Complaint ("Motion"). Having reviewed the parties' moving papers, the court grants the Motion and adopts the following Order.

In their Motion, Defendants contend that Plaintiff's claims are both substantively and procedurally deficient, on a variety of grounds. In his pro se response, Plaintiff provides little substantive opposition, and instead requests leave to file an amended complaint. Plaintiff argues that he had only tried to meet state pleading requirements in the Complaint, since he filed in

state court.  Plaintiff also states that he intends to allege additional details and causes of action in his amended complaint.[1]

Because Plaintiff has not adequately opposed the substance of Defendants' Motion, the court grants the Motion.  The court, however, dismisses Plaintiff's Complaint with leave to amend.  See Hubbard v. Bank of Am., No. 10-3094, 2011 WL 2470021, at *1 (D. Or. Apr. 21, 2011) ("A pro se litigant should be given leave to amend his complaint unless it is absolutely clear that no amendment could cure the deficiencies of the complaint."  (citing Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Barrett v. Belleque, 544 F.3d 1060, 1061-62 (9th Cir. 2008) (per curiam)).

Contrary to Defendants' arguments, it is not entirely clear that Plaintiff could not allege any valid cause of action, depending on the underlying facts.  See, e.g., Wolf v. Wells Fargo Bank, N.A., No. C11-01337, 2011 WL 4831208, at *4, *7-10 (N.D. Cal. Oct. 12, 2011); Park v. U.S. Bank Nat'l Ass'n, No. 10cv1546, 2011 WL 4102211, at *9-12, *15 (S.D. Cal. Sept. 13, 2011); Das v. WMC Mortgage Corp., No. C10-0650, 2010 WL 4393885, at *2-3, *5-7 (N.D. Cal. Oct. 29, 2010); Vissuet v. Indymac Mortgage Servs., No. 09-CV-2321, 2010 WL 1031013, at *4 (S.D. Cal. Mar. 19, 2010); Saxon Mortgage Servs., Inc. v. Hillery, No. C-08-4357, 2008 WL 5170180, at *4-6 (N.D. Cal. Dec. 9, 2008); Yamamoto v. Bank of N.Y., 329 F.3d 1167, 1171 (9th Cir. 2003).

---

[1] Plaintiff also suggests that remand might be appropriate, depending on his amendments.  The court notes that remand would only be appropriate if Plaintiff removed all of his federal claims. See Marcos v. Equity One Lenders Group, No. C11-04000, 2011 WL 6225273, at *1-2 (N.D. Cal. Dec. 14, 2011).

1        The court notes, however, that many, if not all, of the
2   allegations in Plaintiff's current Complaint appear to be
3   irrelevant to any valid cause of action.  For instance, the
4   Complaint alleges generalized misconduct and conspiracy by the
5   mortgage industry and Defendants, citing to recent legal actions
6   taken by federal authorities.  To survive a motion to dismiss,
7   Plaintiff's amended complaint must concisely allege details
8   specific to this case.  Further, Plaintiff is advised to review the
9   numerous state and federal court decisions that rule out many
10  foreclosure-based claims.  The court notes that it will not scour
11  through irrelevant factual allegations and meritless causes of
12  action to discover a valid claim.  Nor will the court permit
13  continued amendments if concise and specific facts are not alleged.
14       Plaintiff shall have thirty days from the date of this order
15  to file an amended complaint.

17  IT IS SO ORDERED.

20  Dated: January 10, 2012
                                        _____
                                        DEAN D. PREGERSON
                                        United States District Judge