1

2

3                                                           O

4                                                    NO JS-6

5

6

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11  JAMES WELKER,                    )  Case No. EDCV 11-01526 DDP (SPx)
                                      )
12              Plaintiff,            )  **ORDER GRANTING DEFENDANTS' MOTION**
                                      )  **TO DISMISS PLAINTIFF'S COMPLAINT**
13       v.                           )
                                      )
14  JPMORGAN CHASE BANK, M.A.,        )  [Docket No. 8, 11]
    EMC MORTGAGE COMPANY, NDEX        )
15  WEST LLC, NAMED & UN-NAMED        )
    ASSOCIATES IN FACT,               )
16                                    )
                Defendants.           )
17  _____    )
                                      )
18

19       Presently before the court is Defendants' Motion to Dismiss

20  Plaintiff's Complaint ("Motion").  Having reviewed the parties'

21  moving papers, the court grants the Motion and adopts the following

22  Order.

23       In their Motion, Defendants contend that Plaintiff's claims

24  are both substantively and procedurally deficient, on a variety of

25  grounds.  In his pro se response, Plaintiff provides little

26  substantive opposition, and instead requests leave to file an

27  amended complaint.  Plaintiff argues that he had only tried to meet

28  state pleading requirements in the Complaint, since he filed in

1   state court.  Plaintiff also states that he intends to allege

2   additional details and causes of action in his amended complaint.[1]

3       Because Plaintiff has not adequately opposed the substance of

4   Defendants' Motion, the court grants the Motion.  The court,

5   however, dismisses Plaintiff's Complaint with leave to amend.  See

6   Hubbard v. Bank of Am., No. 10-3094, 2011 WL 2470021, at *1 (D. Or.

7   Apr. 21, 2011) ("A pro se litigant should be given leave to amend

8   his complaint unless it is absolutely clear that no amendment could

9   cure the deficiencies of the complaint." (citing Lopez v. Smith,

10  203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Barrett v.

11  Belleque, 544 F.3d 1060, 1061-62 (9th Cir. 2008) (per curiam)).

12      Contrary to Defendants' arguments, it is not entirely clear

13  that Plaintiff could not allege any valid cause of action,

14  depending on the underlying facts.  See, e.g., Wolf v. Wells Fargo

15  Bank, N.A., No. C11-01337, 2011 WL 4831208, at *4, *7-10 (N.D. Cal.

16  Oct. 12, 2011); Park v. U.S. Bank Nat'l Ass'n, No. 10cv1546, 2011

17  WL 4102211, at *9-12, *15 (S.D. Cal. Sept. 13, 2011); Das v. WMC

18  Mortgage Corp., No. C10-0650, 2010 WL 4393885, at *2-3, *5-7 (N.D.

19  Cal. Oct. 29, 2010); Vissuet v. Indymac Mortgage Servs., No. 09-CV-

20  2321, 2010 WL 1031013, at *4 (S.D. Cal. Mar. 19, 2010); Saxon

21  Mortgage Servs., Inc. v. Hillery, No. C-08-4357, 2008 WL 5170180,

22  at *4-6 (N.D. Cal. Dec. 9, 2008); Yamamoto v. Bank of N.Y., 329

23  F.3d 1167, 1171 (9th Cir. 2003).

24

25

26      [1]  Plaintiff also suggests that remand might be appropriate,
27  depending on his amendments.  The court notes that remand would
    only be appropriate if Plaintiff removed all of his federal claims.
28  See Marcos v. Equity One Lenders Group, No. C11-04000, 2011 WL
    6225273, at *1-2 (N.D. Cal. Dec. 14, 2011).

The court notes, however, that many, if not all, of the allegations in Plaintiff's current Complaint appear to be irrelevant to any valid cause of action.  For instance, the Complaint alleges generalized misconduct and conspiracy by the mortgage industry and Defendants, citing to recent legal actions taken by federal authorities.  To survive a motion to dismiss, Plaintiff's amended complaint must concisely allege details specific to this case.  Further, Plaintiff is advised to review the numerous state and federal court decisions that rule out many foreclosure-based claims.  The court notes that it will not scour through irrelevant factual allegations and meritless causes of action to discover a valid claim.  Nor will the court permit continued amendments if concise and specific facts are not alleged.

Plaintiff shall have thirty days from the date of this order to file an amended complaint.

IT IS SO ORDERED.


Dated: January 10, 2012

DEAN D. PREGERSON
United States District Judge