O

JS - 6

cc: order, docket, remand letter to
Riverside County Superior Court,
Indio, No. INC 1104432

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES WELKER, </br></br>          Plaintiff, </br></br>     v. </br></br> JPMORGAN CHASE BANK, M.A., EMC MORTGAGE COMPANY, NDEX WEST LLC, NAMED & UN-NAMED ASSOCIATES IN FACT, </br></br>          Defendants. | Case No. EDCV 11-01526 DDP (SPx) </br></br> **ORDER REMANDING CASE TO STATE COURT** </br></br> [Docket Nos. 19, 21] |

   Plaintiff James Welker filed his initial Complaint against Defendants in California state court on May 31, 2011.  Plaintiff then filed a First Amended Complaint ("FAC"), also in state court, on July 15, 2011.  Plaintiff alleged a number of state law claims, as well as a federal Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968, cause of action, stemming from Defendants' foreclosure of his property.  Defendants removed the action to federal court on September 23, 2011, on the basis of federal question and supplemental jurisdiction.

1       On September 30, 2011, Defendants filed a Motion to Dismiss
2  Plaintiff's First Amended Complaint.  In his Opposition, Plaintiff
3  requested leave to file an amended complaint, noting that "removal
4  of the federal question could provide grounds for remanding this
5  case."  The court granted the Motion and dismissed the Complaint
6  without prejudice on January 10, 2012, providing Plaintiff thirty
7  days to file an amended complaint.  The court noted in its Order
8  that remand would be appropriate if Plaintiff removed all federal
9  claims.
10      Plaintiff filed his Second Amended Complaint ("SAC") on
11 February 8, 2012.  The SAC alleges only state law claims: 1) unfair
12 business practices; 2) cancellation of instrument; 3) declaratory
13 relief; 4) preliminary and permanent injunction; 5) quiet title; 6)
14 breach of implied covenant of good faith and fair dealing and
15 violations of stipulations and consent orders; and 7) negligent
16 misrepresentations and common law fraudulent conveyance.  Plaintiff
17 also alleges in the SAC that the court has subject matter
18 jurisdiction, pursuant to various federal laws.  However, as noted,
19 Plaintiff does not actually plead any federal cause of action.
20      Accordingly, because Plaintiff now alleges only state law
21 claims, the court has discretion whether to exercise supplemental
22 jurisdiction.  See Schneider v. TRW, Inc., 938 F.2d 987, 993-94
23 (9th Cir. 1991).  "[I]n the usual case in which federal-law claims
24 are eliminated before trial, the balance of factors . . . will
25 point toward declining to exercise jurisdiction over the remaining
26 state law claims."  Id. at 993 (internal quotation marks omitted).
27 The court concludes that this is the case here, as the matter is
28 still at the pleading stage and has been before the court for only

a short time.  The court therefore declines to exercise supplemental jurisdiction and remands the matter to state court.

IT IS SO ORDERED.


Dated: April 4, 2012

DEAN D. PREGERSON
United States District Judge